UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 99-4283

RONALD G. BUMPUS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-98-185)

Submitted: March 20, 2000

Decided: April 27, 2000

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael R. Cline, MICHAEL R. CLINE LAW OFFICES, Charleston,
West Virginia, for Appellant. Rebecca A. Betts, United States Attor-
ney, John J. Frail, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After a jury trial, Ronald G. Bumpus was convicted of four counts of distribution and one count of possession with the intent to distribute hydromorphone, also known as "Dilaudid." He was sentenced to 236 months imprisonment. Bumpus's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but indicating that, in his view, there are no meritorious issues for appeal. Bumpus has filed a pro se supplemental brief raising several more issues. After a thorough review of the record, we affirm the convictions and sentence.

Bumpus first argues that the district court erred in admitting expert testimony from a law enforcement officer that included an opinion as to Bumpus's intent, allegedly in violation of Federal Rule of Evidence 704(b). An expert witness may testify about an established practice among drug dealers, provided that he does not speak directly to the guilt or innocence of the accused. See United States v. Conyers, 118 F.3d 755, 758 (D.C. Cir. 1997). We find that the officer did not offer any opinion about Bumpus's intent. He testified only that the packaging used by Bumpus and the number of pills recovered were inconsistent with personal use. Therefore, the district court's admission of the expert testimony was not an abuse of discretion. See United States v. Gastiaburo, 16 F.3d 582, 587-88 (4th Cir. 1994) (holding that admission of expert testimony that twenty-one "hits" of crack cocaine were "certainly possessed with the intent to distribute" was not plain error).

Next, Bumpus argues that there was insufficient evidence to prove that he possessed drugs with the intent to distribute. Intent to distribute may be inferred from possession of a quantity of drugs larger than needed for personal use. See United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990). In this case, when police arrested Bumpus, he was in possession of twenty-five Dilaudid capsules hidden in a Skoal

2

can inside a tool box in the trunk of his car. An expert testified that possession of twenty-five capsules was not consistent with personal use.* Furthermore, a police informant testified that Bumpus had previously made four controlled buys, one of which was in the very car where officers found the capsules at issue. Based on the foregoing, we hold that the totality of the circumstances provided substantial evidence supporting the jury's verdict. See United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996) (holding that possession of crack plus testimony that defendant was a drug dealer supported conviction for possession with intent to distribute).

Bumpus next challenges the validity of the search warrant for his home, arguing that the search warrant affidavit contained false allegations of his drug activity. However, he failed to file a motion in the district court to suppress the evidence obtained from this search, and therefore, he has waived this issue on appeal. See United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). Further, because Bumpus's conclusory allegations do not prove that the affidavit was false, Bumpus has failed to show that the district court committed plain error by admitting into evidence marked money that was found in Bumpus's home during the search.

Next, Bumpus contends that the district court erred in denying him the right to view the grand jury testimony. However, the district court actually granted the Government's motion to disclose the testimony and entered an order permitting counsel to review the testimony while forbidding any copies to be made. It appears that Bumpus is complaining that his counsel was permitted to view the testimony but he was not. However, because Bumpus does not dispute that all the grand jury testimony was disclosed to his counsel, his claim is really one of ineffective assistance of counsel. Further, because the record does not conclusively disclose that Bumpus was denied effective assistance of counsel, this claim is not properly raised on direct appeal. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992).

_____

*Bumpus argues that the expert was not credible because he also testified that a normal prescription for Dilaudid would consist of 30 capsules. However, this evidence was before the jury, and the jury was, therefore, able to adequately judge the officer's credibility.

Bumpus next complains that the district court improperly canceled an evidentiary hearing and postponed his trial. However, the motions hearing was canceled because there were no outstanding pre-trial motions. In addition, his trial was continued at Bumpus's counsel's request. Because his counsel either acquiesced to or requested the district court's orders, any claim Bumpus has for denial of due process would have to be raised as an ineffective assistance of counsel claim in a collateral proceeding.

Finally, Bumpus argues that the district court improperly granted his first counsel's motion to withdraw. Because his first counsel represented him only briefly, because new counsel was promptly appointed, and because Bumpus points to no prejudice arising from the substitution of counsel, Bumpus's claim provides no basis for vacating his conviction.

Pursuant to Anders, we have reviewed the record and Bumpus's other claims for reversible error and found none. We therefore affirm the convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4